IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTRON TALLEY, | Civil Action No. 2: 14-cv-1411 |
| Plaintiff, | United States Magistrate Judge Cynthia Reed Eddy |
| v. | |
| MR. ORLANDO H. HARPER, et al, | |
| Defendants. | |

# MEMORANDUM OPINION AND ORDER[1]

Presently pending before the Court for disposition is the Motion to Dismiss (ECF No. 87) filed by Defendants Harper, Emerick, Wainwright, Beason, Koss, Andreasick, Rubble, Raible, Arlotta, Mazzocca, Brojovich, Zoller, Bosak and Butler, all of whom are employees of the County of Allegheny (collectively referred to as the "County Defendants"). Plaintiff has filed a Response in opposition. (ECF No. 96). For the reasons that follow, the motion will be granted in so far as it seeks dismissal of Plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2). Plaintiff will be given the opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 11 and 94.

1

## Background[2]

Plaintiff, Antron Talley ("Plaintiff" or "Talley") is a *pro se* inmate currently housed at the Allegheny County Jail ("ACJ").[3] The alleged incidents giving rise to this lawsuit, however, occurred when Talley was previously housed at ACJ on a different set of charges.[4]

In his Complaint, Talley names approximately 23 individuals, all of whom worked at ACJ, either as County employees or as employees of Corizon, a contractor employed by Allegheny County to provide health care services to inmates at the ACJ.[5] The claims in the Complaint relate to an approximate eight-month period from December 19, 2013, through August 2014. The handwritten complaint is 32 pages in length. Although the narrative text is chronologically organized, it does not set out separate claims but rather offers sweeping

---

[2] Even though Talley does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, in the Complaint, it is clear to this Court that Plaintiff is seeking to vindicate his federal Constitutional rights. However, because Plaintiff does not have a cause of action directly under the Constitution of the United States, nor does he identify another source of a federal right alleged to have been violated or another basis for federal jurisdiction, a liberal reading of the Complaint requires the Court to construe the Complaint as one invoking the Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983.

[3] Plaintiff is scheduled for trial on April 10, 2017, in the Court of Common Pleas of Allegheny County, Criminal Case No. CP-02-CR-0001397-2014, on charges of Assault by Prisoner, in violation of 18 Pa.C.S.A. 2703, §§ A. The docket sheets for Plaintiff's state criminal cases are available online and this Court takes judicial notice of them.

[4] At the time of the incidents described in the instant Complaint, Talley was being held on a number of state charges which were filed at Criminal No. CP-02-CR-0017489-2013. These state charges were eventually withdrawn and Talley was then charged in the United States District Court for the Western District of Pennsylvania with possession of a firearm and/or ammunition by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e). After a bench trial, Talley was found guilty of the charge and is awaiting sentencing. *See* Criminal Docket for Case No. 2:13-cr-265 (W.D.Pa.).

[5] Talley was not able to provide full names for the Corizon employees and service was not able to be effectuated by the U.S. Marshal. The Court has ordered the County Defendants to provide the Court with the full names of these employees and their current addresses. *See* ECF No. 100.

allegations about a litany of wrongdoings. The complaint is best described as a "kitchen-sink" or "shotgun" complaint, It appears that the Complaint raises six claims: "access to courts, excessive force, practice religion, tampering with legal mail, cruel and unusual punishment, due process." *See* Complaint at Paragraph III (ECF No. 9); and Pl's Resp. at 2 ("There are 6 [six] claims stated by the Plaintiff.") (ECF No. 96).

Although difficult to summarize, his Complaint contains many distinct legal claims arising out of allegations that Defendants denied him medical treatment, legal mail, legal material, and grievances. He alleges that he was subjected to excessive force, verbal harassment, conditions of confinement detrimental to his health and safety, and that Defendants failed to submit his grievances for processing. With respect to the numerous supervisory Defendants, he alleges that he informed them of the ongoing misconduct of their subordinates, but they failed to remedy any of the alleged wrongdoing. Because Plaintiff's Complaint violates the requirements of Federal Rule of Civil Procedure 8, he will be required to file an amended complaint which complies with the Federal Rules.

**Discussion**

The County Defendants have filed the instant Motion to Dismiss in which they argue, in the alternative, that the Complaint should be dismissed due to its defective format and Talley be required to file an amended complaint in which he presents his claims concisely as required by Federal Rule of Civil Procedure 8. After careful consideration, the Court agrees with Defendants and finds that the current format of the Complaint is not in compliance with Rule 8.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Additionally, each allegation must be "simple, concise and direct." *Id.* at 8(d)(1). "Taken together," Rules

8(a) and (d)(1), "underscore the emphasis placed on clarity and brevity by the federal pleadings rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted).

Courts have repeatedly criticized the filing of "kitchen-sink" or "shotgun" complaints – complaints in which a plaintiff brings every conceivable claim against every conceivable defendant. Such complaints are troublesome for many reasons. For one thing, complaints like the instant one unfairly burden defendants and courts. The plaintiff who files such a shotgun complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. This is not the job of either a defendant or the Court. It is the plaintiff's burden under Rule 8 to reasonably investigate his claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them.

It is important to note that a "kitchen-sink" or "shotgun" complaint also harms the plaintiff who brings it. In most cases, a genuine dispute that supports a viable legal claim underlies a plaintiff's complaint. But this genuine dispute becomes almost impossible to discern when it is buried in pages of various allegations, some of which may not rise to the level of a constitutional claim.

In the instant case, Talley's complaint is before the Court on a motion to dismiss. The Court will therefore dismiss Plaintiff's complaint for failure to comply with Rule 8, but the Court will stay the dismissal until March 6, 2017. If Plaintiff wishes to pursue his lawsuit, it must file an amended complaint that complies with Rule 8 by March 6, 2017.

The Court provides Talley some additional guidance that he must follow if he chooses to file an amended complaint.

First, the amended complaint must state as briefly as possible the facts of your case and describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant event. Each claim shall be stated in a separate numbered paragraph, i.e., - Claim One – Claim of Excessive Force Against Defendant (Name); Claim Two – Denial of Medical Treatment by Defendant (Name), etc. Blanket references to "defendants" is unacceptable.

As required by Rule 11(b)(2), Talley's claims and legal contentions must not be frivolous. For instance, the Court discerns no basis in the complaint for a claim of denial of access of courts. In order to state a First Amendment access to courts claim, Talley must identify a non-frivolous, arguable claim that he is unable to bring or has lost as a result of defendants' conduct. *Christopher v. Harbury*, 536 U.S. 302, 414-15 (2002).

Similarly, Plaintiff's claims that Defendants' verbally harassed him also fail to state a claim upon which relief may be granted. Even assuming Plaintiff's allegations are true, it is well-settled that the use of words alone without any harm, no matter how violent, insulting, or abusive, do not amount to a constitutional violation. *See Burkholder v. Newton*, 116 F. App'x 358, 360 (3d Cir. 2004); *Wilson v. Horn*, 971 F. Supp. 943, 948 (E.D.Pa. 1997) (verbal abuse and harassment, although not commendable, does not rise to the level of a constitutional violation), *aff'd,* 142 F.3d 430 (Table) (3d Cir. 1998); *Maclean v. Secor*, 876 F. Supp. 695, 698 (E.D.Pa. 1995) (threat by BOP guard to "see to it" that "pieces of sh—" like plaintiff would be "taken care of" was not adequate to make out a constitutional claim as "[i]t is well-established that verbal harassment or threats . . . will not, without some reinforcing act accompanying them, state a constitutional claim."

The same is true for Plaintiff's claims that his grievances were not submitted for processing. While his allegations may be relevant to the issue of whether Plaintiff was able to exhaust his administrative remedies, courts have found defendants alleged obstruction of the grievance procedure does not give rise to an independent action. *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) ("prisoners do not have a constitutional right to prison procedures."). Thus, defendants' alleged obstruction of such procedure is not independently actionable.

By singling out some of Plaintiff's claims for comment in this Memorandum Opinion and Order, the Court does not mean to suggest that Plaintiff's other claims are nonfrivolous. Precisely because of the complaint's failure to comply with Rule 8, the Court has difficulty figuring out the factual and legal bases of Plaintiff's claims, and the Court thus cannot reliably assess the relative merit of Plaintiff's claims.

## ORDER OF COURT

**AND NOW** this 31st day of January, 2017, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by the County Defendants (ECF No. 87) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's complaint will be dismissed without prejudice for failure to comply with Rule 8 on March 6, 2017. If Plaintiff desires to continue to litigate his claims in federal court, he must, by March 6, 2017, file an amended complaint that complies with the directives set forth above. The amended complaint should be a stand-alone document without reference to any other document filed in this case. *See* Fed. R. Civ. P. 8. Plaintiff is cautioned that the opportunity to file an amended complaint is not an invitation to enlarge the lawsuit by filing

new allegations not related to the allegations in the original complaint or by adding defendants not related to the allegations in the original complaint. Inclusion of new allegations and claims unrelated to those set forth in the original complaint will be considered a failure to comply with an Order of Court and will result in the dismissal of the amended complaint.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: ANTRON TALLEY
169322
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
(via U.S. First Class Mail)

John A. Bacharach
Allegheny County Law Department
(via ECF electronic notification)