# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTRON TALLEY, | Civil Action No. 2: 14-cv-1411 |
| Plaintiff, | |
| v. | United States Magistrate Judge Cynthia Reed Eddy |
| MR. ORLANDO H. HARPER, et al, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER[1]

Presently pending before the Court for disposition is the Motion to Dismiss (ECF No. 122) Plaintiff's Amended Complaint filed by Defendants Robin DeVaughn, Carla Ivan, Suzanne Larry, and Maria Beth Long, all of whom were at the relevant time employed in the medical department provided to inmates at the Allegheny County Jail ("ACJ"). Plaintiff has filed a Response in opposition[2] (ECF No. 129). For the reasons that follow, the motion will be granted in part and denied in part.

I.  **Background**

Plaintiff, Antron Talley ("Plaintiff" or "Talley") is a *pro se* inmate currently housed at the State Correctional Institution – Forest. The alleged incidents giving rise to this lawsuit, however, occurred when Talley was previously housed at ACJ.[3]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. See ECF Nos. 11 and 94.

[2] In the Response, Plaintiff also addresses a Motion to Dismiss (ECF NO. 124) filed by other defendants, which we will address by separate Memorandum Opinion and Order.

[3] At the time of the incidents described in the instant Complaint, Talley was being held on a number of state charges which were filed at Criminal No. CP-02-CR-0017489-2013. These state charges were eventually withdrawn and Talley was then charged in the United States District Court for the Western District of Pennsylvania with possession of a firearm and/or ammunition by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e). After a bench trial,

In his Amended Complaint (ECF No. 112), Talley sues numerous individuals who worked at ACJ, either as County employees or as employees of Corizon, a contractor employed by Allegheny County to provide health care services to inmates at the ACJ. The claims in the Amended Complaint relate to an approximate eight-month period from December 19, 2013, through August 2014.

As to movants herein, Talley avers as follows. Defendant Robin DeVaughn is identified as a supervisor for the medical department of the Allegheny County Jail (ECF No. 112, para. 7); Suezanne Larry is a physician's assistant in the mental health department at the Allegheny County Jail, responsible for evaluating inmates brought into Pod 5C (ECF No. 112, para. 8); and Maria Long and Carla Ivan are nurses at the Allegheny County Jail (ECF No. 112, paras. 9, 10). Talley alleges he was injured after an altercation with a corrections officer Arlottta on December 19, 2013. (ECF No. 112, para. 20). The alleged injuries from that altercation, which will be addressed separately as to whether Talley has stated a claim against Arlotta, included fractured left thumb, fractured jaw that caused temporomandibular joint syndrome ("TMJ"), an injured right knee, along with mental and emotional injuries. (ECF No. 112 at para. 20).

Following that altercation, he was transferred to the Disciplinary Housing Unit (DHU). He then was "refused meals" and thus pretended to be suicidal so he could be transferred to pod 5C, where inmates with mental problems are housed. (ECF No. 112, para. 21). While there, Talley alleges that Defendant Corrections Officer Brosovich refused to provide him showers and fed him "bag" meals, which caused Talley to lose a "tremendous amount of weight that was not healthy to lose, and developed sores in his crotch area due to not receiving a shower." (ECF No. 112 at para. 21). Mr. Talley remained on this pod until January 28, 2014, when he was

---

Talley was found guilty of the charge and is awaiting sentencing. *See* Criminal Docket for Case No. 2:13-cr-265 (W.D. Pa.).

transferred back to the DHU. (ECF No. 112, para. 21). He remained in the DHU until March 27, 2014.

He alleges Carla Ivan, a day or two before January 28, 2014 while he was still at pod 5C, fabricated Mr. Talley being a disturbance to get him to leave pod 5C, and also, that he was given shots against his will by Ivan. He further alleges that he was not, and has "never been prescribed any type of drug that would knock you unconscious as these drugs did" and that he suffered from sciatic nerve problems from where Ivan injected him, as well as mental and emotional stress. (ECF NO. 112, para. 22). He then returned to pod 8E on January 28, 2014, had a hearing in front of the program review committee and was found guilty of assaulting a corrections officer. (ECF No. 112, para. 23).

On pod 8E, nurses walk to every cell and ask inmates if they have a medical problem that needs to be addressed by the medical department. (ECF No. 112, para. 25). Talley claims he gave Defendant Long medical request forms dated January 30, 2014, February 17, 2014, and February 23, 2014 "pertaining to the injuries the Plaintiff suffered since December 19, 2013." (ECF No. 112, para. 25). He further alleges that he wrote to supervisor DeVaughn on March 28, 2014 asking to be seen. (ECF No. 112, para. 25). These requests, according to Talley:

> pertained to "the massive weight lost due to the bag lunches on pod 5C. The Plaintiff never received medical attention. The injuries the Plaintiff received healed wrong, and continue to cause the Plaintiff pain, and limited range of motion, due to the lack of medical attention.

(ECF No. 112 at para. 25).

On June 18, 2014, Talley was involved in another altercation with a corrections officer and was placed on pod 5C until July 11, 2014. (ECF No. 112, paras. 26-28). He thought the cell was unsanitary and he did not receive soap, rags, toothpaste or a toothbrush as such items are not handed out in the pod. (ECF No. 112, para. 28). Talley alleges that Defendant Larry told Mr.

Talley his living conditions and receipt of bag meals would continue while he was on pod 5C. (ECF No. 112 para. 28).

## II. Standard of Review

### A. Pro Se Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)); *see also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997; *see, e.g., Nami*, 82 F.3d at 65 (discussing Fed. R. Civ. P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege

4

sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

**B. Motion to Dismiss Pursuant to Rule 12(b)(6) – The Legal Standard**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*,

5

416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

**III. Discussion**

Plaintiff alleges he was a pretrial detainee in the Amended Complaint (ECF No. 112 at ¶ 3) but then argues in his brief that he was serving time on another state conviction. (ECF No. 129 at 3). For purposes of analyzing Plaintiff's medical deliberate indifference claim, the legal analysis is the same whether Plaintiff was a pretrial detainee or a convicted person. "[T]he Due Process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Boring v. Kozakiewicz*, 833 F.2d 468, 471 (3d Cir.1987) The United States Court of Appeals for the Third Circuit has indicated that a pretrial detainee's right to adequate medical care should be analyzed under the well-settled standard established in *Estelle v. Gamble*, 429 U.S. 97 (1976), which provides that prison officials are required "to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle*, 429 U.S. 97 (1976)).

In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, the government is obliged "to provide medical care for those whom it is punishing by incarceration." *Estelle*, 429 U.S. at 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id.* at 104 (citation omitted). "[W]hether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed . . . deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 104–05 (citations omitted).

6

A medical need is "serious" if "it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation omitted). "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." *Id*.

The "deliberate indifference" a plaintiff must allege lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other" and is frequently equated with recklessness as that term is defined in criminal law. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994). This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients." *Inmates of Allegheny Cnty. Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir. 1979). Where a prisoner has received medical care and only the adequacy of the treatment is disputed, courts are often reluctant to second guess professional medical judgment. *See id.*

However, deliberate indifference can be manifested by an intentional refusal to provide care, delayed medical treatment, and the denial of prescribed medical treatment. *See Durmer,* 991 F.2d 64 (3d Cir. 1993); *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) ("Deliberate indifference may be shown by intentionally denying or delaying medical care.").

Defendants contend that they should be dismissed from this lawsuit either because Plaintiff has not adequately alleged or implicated their personal involvement in any medical care or attention he received or that he claims he should have received, or because his Amended Complaint lacks specificity as to what his serious medical need may have been and that the defendants were deliberately indifferent to that need. The Court disagrees, except as to Defendant Larry.

As to Defendant Larry, the physician's assistant in the mental health department of the ACJ who Talley alleges is responsible for evaluating inmates brought to Pod 5C, Talley challenges the conditions of the cell he was placed in from June 18, 2014 through July 11, 2014. He primarily focuses on a promise she made that when Talley switched to another unit in the ACJ, telling him his living conditions and treatment "would remain the same" in that unit. However, Talley has failed to state a claim to relief that is plausible on its face. Talley fails to allege that she denied him medical treatment that was necessary. Further, the Amended complaint is devoid of any allegations that Defendant Larry was deliberately indifferent to his serious medical needs or that she, as a physician's assistant was a prison official responsible for his alleged inhumane conditions, or was deliberately indifferent to them. Further, any amendment to the Amended Complaint would be futile.

As to defendant Long, Plaintiff argues Long should be held liable for neglecting to follow up on his medical request forms, dated January 30, 2014, February 17, 2014, and February 23, 2014 "pertaining to the injuries the Plaintiff suffered since December 19, 2013." This allegation is sufficient to state a claim, as it alleges with enough specificity the nature of the conditions or the care that was denied, or that he was suffering from a serious medical need. The claims against defendant Long will be proceed, and the motion to dismiss as to Defendant Long will be denied.

As to defendant DeVaughan, the supervisor for the medical department, Plaintiff states she had knowledge of his request slips, medical slips and grievance forms but failed to act, and as a supervisory official should be held liable for failure to order corrective medical treatment. Talley alleges, as described above, the nature of the conditions or the care that was denied, including severe weight loss, body sores due to lack of showering, TMJ, and that his injuries "healed wrong." His allegations as to this defendant have the requisite facial plausibility that

he was suffering from a serious medical need, and that DeVaughn was deliberately indifferent to them.

As to defendant Ivan, plaintiff argues Ivan gave him three shots against his will, after he was involved in an altercation, and that these shots were not prescribed, causing sciatica and knocking him unconscious.   He further alleges that Ivan's shots included an injection of Thorazine which was injected in an effort to make him suffer. This is sufficient to state a claim and to put the defendant on notice of an alleged constitutional violation.

### IV. Conclusion

For the reasons stated herein, the Motion to Dismiss (ECF NO. 122) will be granted as to Defendant Larry only.

### ORDER OF COURT

**AND NOW** this 11th day of December, 2017, it is hereby **ORDERED** that the motion to dismiss (ECF No. 122) is GRANTED IN PART AND DENIED IN PART.  Specifically, the claims against Defendant Suezanne Larry are DISMISSED WITH PREJUDICE and the claims against Defendant Long, Ivan and DeVaughn remain.  It is hereby FURTHER ORDERED that remaining Defendants shall file a responsive pleading on or before **December 29, 2017**.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:    ANTRON TALLEY
       GU 9829
       SCI Forest
       P.O. Box 945
       Marienville, PA 16239
       (via U.S. First Class Mail)

       Record counsel via CM-ECF electronic notice