IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANTRON TALLEY, | ) |
| Plaintiff, | ) 2:14-CV-01411-CRE |
| vs. | ) |
| MR. ORLANDO H. HARPER, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

On October 8, 2019, Plaintiff filed a motion for appointment of expert witness (ECF No. 233) seeking this court to appoint an "independent psychiatric expert" to testify regarding "the psychological effects of mistreatment by the Defendant(s), such as harsh conditions; or being exposed to conditions of confinement that the Plaintiff if [sic] claiming occurred." (ECF No. 233 at 1-2). Additionally, Plaintiff asks this court to appoint an independent certified registered nurse practitioner to testify regarding "the medical anology [sic] of factures, obscured or hidden fractures, and what x-rays are used for fractures that are over a year old, and also on Temporomandibular Joint Syndrome (TMJ), on arthritis, and inflammation of injuries." *Id*. at 2.

While a district court may appoint an expert witness for an indigent party such as Plaintiff, the district court has broad discretion to do so. Fed. R. Evid. 706; *Ford v. Mercer County Correctional Ctr.*, 171 Fed. Appx. 416, 420 (3d Cir. 2006) (unpublished). A district court should consider appointing an expert where the case "involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." *Ford,* 171 Fed. Appx. at 420 (quoting *Federal Practice and Procedure: Evidence* § 6304 (1997) (internal quotations omitted)).

The instant case does not involve esoteric or complex matters in which a psychiatrist or a

1

nurse practitioner's testimony would help the finder of fact understand the nature of the case. Plaintiff's remaining claims are against various corrections officers and involve excessive force claims for the use of pepper spray, conditions of confinement claims for denying Plaintiff a shower and unsanitary cell and a procedural due process claim for an inadequate disciplinary hearing. (ECF Nos. 211, 212).

To the extent Plaintiff seeks the court to appoint a nursing expert to testify regarding x-rays, bone fractures and TMJ, such a request is denied as moot. Summary judgment was entered against Plaintiff for his Fourteenth Amendment deliberate indifference to serious medical needs claim related to his alleged TMJ and failure to receive an x-ray. Therefore Plaintiff is not entitled to an expert to testify regarding those facts, as they are no longer at issue in this case. (ECF Nos. 209, 210).

To the extent that Plaintiff seeks the court to appoint an expert regarding the psychological effects of the conditions of confinement that he experienced, there is no evidence, testimony or otherwise, that tends to show that Plaintiff suffered a psychiatric condition related to his confinement. Further, Plaintiff may testify about his experience of confinement to the jury, including testimony regarding his state of mind. The circumstances of this case are not complex and esoteric compelling the use of expert testimony regarding Plaintiff's experiences while in confinement.

Accordingly, the following Order is entered:

AND NOW, this 16th day of October, 2019,

After consideration of Plaintiff's motion for appointment of independent expert witness (ECF No. 233) and Defendants' response (ECF No. 239), it is HEREBY ORDERED that Plaintiff's motion is **DENIED**.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:     ANTRON TALLEY
        GU 9829
        SCI Forest
        P. O. Box 945
        Marienville, PA 16239
        (via U.S. First Class Mail)

        All Counsel of Record
        (via ECF electronic notification)